UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL KASPER,<br><br>    Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, COMMUNITY AMBULANCE LLC, SUNRISE HOSPITAL & MEDICAL CENTER LLC, DOES 1-15;<br><br>    Defendants. | Case No. 2:25-cv-02364-GMN-EJY<br><br>**ORDER** |

      Pending before the Court is Plaintiff's Motion for Limited Early Discovery to Identify Doe Defendants. ECF No. 2.

      Federal Rule of Civil Procedure 26(d)(1) prevents discovery before parties have conferred in accordance with Rule 26(f) absent a stipulation or court order.[1] Fed. R. Civ. P. 26(d)(1). Moreover, "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.").

      While in limited circumstances some courts in the Ninth Circuit have permitted limited early discovery for the purpose of identifying a defendant based on a showing of good cause, *e.g. AXS Grp. LLC v. Internet Referral Servs., LLC*, Case No. 2:24-377-SPG-EX, 2024 WL 4875389, at 2-3 (C.D. Cal. Jan. 24, 2024), whether to grant such request remains within the Court's discretion. *Bass v. Arizona Motor Vehicle Division*, Case No. CV-24-02380-PHX-JAT (JFM), 2025 WL 327286, at \*5 (D. Ariz. Jan. 29, 2025). Here, no Defendant has been served and, thus, discovery, is premature. Early discovery once service of process on the entity Defendants is accomplished will achieve Plaintiff's objective within plenty of time to allow efficient pursuit of this case. Finally, the Court

---

[1] The Rule provides for limited exceptions, none of which have been alleged. Fed. R. Civ. P. 26(d)(1).

finds some of what Plaintiff requests is not the discovery of Doe Defendants' name, but the production of documents and information related to service of process. ECF No. 2 at 3.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Limited Early Discovery to Identify Doe Defendants (ECF No. 2) is DENIED without prejudice. Once service of process is achieved, Plaintiff may renew a request limited to discovering the names of Doe Defendants.

Dated this 4th day of December, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE