UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL KASPER,

        Plaintiff,

    v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, COMMUNITY AMBULANCE LLC, SUNRISE HOSPITAL & MEDICAL CENTER LLC, DOES 1-15,

        Defendants.

Case No. 2:25-cv-02364-GMN-EJY

**ORDER**

## I.    Relevant Background

Pending before the Court is Sunrise Hospital & Medical Center, LLC's Motion for More Definite Statement.[1]  ECF No. 12.  In its Motion, Sunrise submits that "Plaintiff's Complaint fails to identify by name any of the medical providers whose care is at issue," and, thus, Sunrise, whose liability is based on respondeat superior, finds it "particularly difficult … to prepare a response." *Id*. at 10.  Sunrise contends that, based on the allegations in Plaintiff's Complaint, he has a copy of his medical records and, therefore, should be required to identify the medical providers whose care underlies his claims.  *Id*.  Plaintiff opposes Sunrise's Motion stating his Complaint "is detailed, chronological, and provides Sunrise with more than sufficient notice of the claims asserted."  ECF No. 17 at 3.  Plaintiff further contends that the identity of the individual medical providers is information "uniquely within Defendant's possession and appropriately obtained through discovery not through a Rule 12(e) motion." *Id*.  Plaintiff does not refute Sunrise's contention that he has his medical records.  *See id*., *generally*.  In Reply, Sunrise reiterates that "the employment status of hospital personnel is significant to defending the claims" and given Plaintiff's ability to identify the

---

[1]    On January 23, 2026, the Court entered a Minute Order noting that Sunrise was withdrawing its Motion to Dismiss, leaving only the Motion for More Definite Statement before the Court.  ECF No. 30.  The Order stated: "the Court will now construe the … Motion to Dismiss [(ECF No. 12)] as a Motion for More Definite Statement." *Id.*

"actions and inactions of medical providers …[,] he should likewise be able to identify the providers who allegedly committed those actions or inactions."  ECF No. 24 at 3.

**II.      Discussion**

A motion for more definite statement is appropriately brought before the Court when a "pleading ... is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  An order granting such a motion is appropriate when the defendant cannot ascertain the substance of the asserted claim.  *Buckley v. Cnty. of San Mateo*, Case No. 14-cv-05488, 2015 WL 5769616, at *5 (N.D. Cal. Oct. 2, 2015).  "Rule 12(e) motions are disfavored and rarely granted." *Id.* (citing *Castaneda v. Burger King Corp.*, 597 F. Supp. 2d 1035, 1045 (N.D. Cal. 2009)). "Whether to grant a Rule 12(e) motion is within the discretion of the district court."  *Star Fabrics Inc. v. Norm Thompson Outfitters, LLC*, Case No. 19-cv-2765, 2019 WL 6894528, at *1 (C.D. Cal. July 10, 2019).  If a court grants a defendant's motion for more definite statement, that court may allow leave to amend the pleading to make it consistent with the rules of pleading outlined in Fed. R. Civ. P. 8.  *Mason v. Cnty. of Orange*, 251 F.R.D. 562, 563 (C.D. Cal. 2008).

Rule 12(e) "is aimed at unintelligibility rather than lack of detail and is only appropriate when the defendant cannot understand the substance of the claim asserted."  *Conta v. City of Huntington Beach*, Case No. 8:21-cv-01897, 2022 WL 3574439, at *3 (C.D. Cal. June 22, 2022) (internal quote marks and citation omitted).  "[A] motion for a more definite statement should not be granted unless the defendant literally cannot frame a responsive pleading."  *Id.* (internal quote marks and citation omitted).  In Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1377 (3d ed.), the authors discuss motions for more definite statement:

> ... (I)t is universally assumed that inasmuch as the motion is proper only when the pleading to which it is addressed is so vague that it cannot be responded to, the only information obtainable is that which is necessary to frame a responsive pleading. Moreover, the generally accepted current construction of Rule 12(e) is that the movant's ability to prepare a responsive pleading is to be measured in terms of the minimal duty imposed on him by the federal pleading rules and the possibility that he might be prejudiced by attempting to answer the pleading in its existing form. Thus, if a party is able to discharge his pleading obligations under the rules, a Rule 12(e) motion based on the belief that a better affirmative pleading will enable him to provide a more enlightening or accurate response will be denied.

Sunrise's Motion and Reply lack support for the conclusion that it cannot formulate a response to Plaintiff's Amended Complaint based on Plaintiff's failure to name the medical providers at issue. Sunrise argues Plaintiff has his medical records and has pleaded what actions and inactions allegedly support his claims. Sunrise contends that based on Plaintiff's pleading he can identify the medical providers and should be made to do so. But, Sunrise never states that it cannot identify the providers itself; rather, Sunrise argues Plaintiff clearly can do so and that his doing so would assist Sunrise in identifying which providers are employees and which are independent contractors. *See* ECF Nos. 12 at 10; 24 at 3. Plaintiff does not dispute Sunrise's assertions and instead says this information is in Sunrise's possession or that Sunrise can obtain this information through discovery. ECF No. 17. Even treating Plaintiff's statements as confirming his ability to identify the medical providers, this does not translate into Sunrise's inability to draft and file a response to the First Amended Complaint. Under the totality of the arguments made, the Court cannot conclude Sunrise, literally, cannot frame a response.

In sum, it may well be that despite knowing the names of the medical providers whose conduct is the basis upon which he seeks to hold Sunrise responsible, Plaintiff made the choice not to identify these providers. If the Court correctly summarizes these facts, Plaintiff's choice is troubling. However, it is Sunrise who brought the Motion for More Definite Statement, and Sunrise who must meet the standard for granting such a motion. *Conta*, 2022 WL 3574439 at *3. The Court reviewed Plaintiff's Amended Complaint, specifically focusing on the allegations in paragraphs 73 through 87. The Court is not persuaded that Sunrise is unable to meet its minimal duty in forming a response to these paragraphs or the causes of action in which it is named as a defendant.

Nonetheless, Plaintiff is advised that litigation in federal court is not a game. Withholding information, including, but not limited to the names of the medical providers Plaintiff believes engaged in wrongdoing, will not be tolerated. Federal Rule of Civil Procedure 10 requires a plaintiff to include the names of the parties in the action. Fed. R. Civ. P. 10(a). Thus, when asked in discovery to provide the name of each medical provider who engaged in wrongdoing Plaintiff must provide this information to Sunrise or any other Defendant that inquires. If, for some reason, Plaintiff does not know the identity of a specific medical provider, he must seek this information from Sunrise

through promptly serving Interrogatories (written questions) that provides enough specificity about the event to allow Sunrise to conduct a reasonable research and respond to the best of its ability to do so.

**III.    Order**

IT IS HEREBY ORDERED that Sunrise Hospital & Medical Center, LLC's Motion for More Definite Statement (ECF No. 12) is DENIED.

IT IS FURTHER ORDERED that Sunrise must file a responsive pleading to Plaintiff's Amended Complaint no later than **May 21, 2026**.

Dated this 7th day of May, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

4