UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL KASPER,

Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT ("LVMPD"); LVMPD SHERIFF KEVIN McMAHILL, in his official capacity as Sheriff of the Las Vegas Metropolitan Police Department; LVMPD SERGEANT EVAN FINCHER; LVMPD OFFICER VERONICA LUNA; LVMPD OFFICER JOSE SAUCEDO; LVMPD OFFICER STEPHANIE ANNE SCOTT; LVMPD OFFICER RENE GONZALEZ-BLANCO; DOE LVMPD OFFICERS; COMMUNITY AMBULANCE, LLC; DOE PARAMEDICS, AMETs, & EMTs; SUNRISE HOSPITAL & MEDICAL CENTER, LLC; DOE SUNRISE MEDICAL CENTER STAFF; PLUS FOUR, INC; DOE PLUS FOUR INC STAFF,

Defendants.

Case No. 2:25-cv-02364-GMN-EJY

**ORDER**

Pending before the Court is Plaintiff's Motion for Protective Order Regarding Proposed Subpoena to Wally Joseph, NP; Alternatively, to Limit Subpoena and Deposition. ECF No. 63. The parties are aware that the deposition of Mr. Joseph was taken off calendaring rendering this portion of Plaintiff's Motion moot. ECF Nos. 74, 75. Therefore, the below only addresses Plaintiff's request for an order limiting the production of documents sought through the subpoena.

Under Federal Rule of Civil Procedure 26(b)(1), "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …." Fed. R. Civ. P. 26(b)(1). A party from whom discovery is sought may move for a protective order, which requires a showing of good cause. Fed. R. Civ. P. 26(c)(1); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (internal citations omitted).

Here, Plaintiff seeks to prevent the disclosure of medical records "concerning [his] care and treatment with Wally Joseph, NP and/or Essential Clinic."[1] ECF No. 63-1 at 6. According to Plaintiff, the disclosed records should include only those generated by Mr. Joseph, Joseph Morris, NP, and one other provider who apparently participated in his treatment. ECF No. 69 at 4. The Court notes the records Plaintiff produced show there were a total of four visits to Essential Clinic—two with Mr. Joseph and two with Joseph Morris, the second Nurse Practitioner. ECF No. 68-2 at 5. All four of these visits occurred after the June 18, 2024 incident to which Las Vegas Metropolitan Police Department and Community Ambulance responded leading to Plaintiff being placed on a Legal 2000 mental health hold. ECF Nos. 63 at 6; 68 at 3. The subpoena issued by Community Ambulance seeks a slightly broader set of documents concerning Plaintiff's care and treatment including mental status examinations, psychiatric/psychological evaluation reports, substance use assessment or other mental health related matters, without date limitation. ECF No. 63-1 at 6-7. Plaintiff argues the subpoena is overbroad because it seeks information beyond the specific treatment at issue. ECF No. 63 at 5.

The Court finds this dispute is over a scope of documents that do not appear to exist or were already produced. Plaintiff's treatment history with Essential Clinic involves four visits commencing on July 25 and ending on August 19, 2024. ECF Nos. 69 at 5; 68-2 at 5. Plaintiff does not object to the production of records "narrowly tailored" from those visits. ECF No. 69 at 4. With respect to a mental status examination, Plaintiff produced this prior to the initiation of the instant Motion. ECF No. 68-2 at 7. To the extent additional or other evaluations and assessments were done during the three visits for which documents have not been produced, they are appropriately produced under the circumstances presented that include claims of emotional and psychological distress among other damages. The depth and breadth of Plaintiff's allegations are serious and all-encompassing. Whether Plaintiff's conduct and history underlying the conduct on the day of the June 18th incident may support a defense to Plaintiff's allegations is a reasonable area of inquiry. *Potter v. W. Side Transp., Inc.*, 188 F.R.D. 362, 365 (D. Nev. 1999) (compelling the production of

---

[1] "Essential Clinic" is a healthcare facility located in Henderson, Nevada at which Plaintiff apparently received mental health care following the June 18th incident. ECF No. 68 at 3; https://www.essentialclinicnv.com/integrated-healthcare-services-about-us/bios-of-owners (last visited October 19, 2026).

medical records from treating mental health providers because Plaintiffs placed their mental health at issue when they claimed emotion distress).

In light of the production order, the Court further finds Plaintiff's medical records disclosed must be maintained as confidential, not used for any purpose other than this case, and not to be disclosed to any person or entity other than those directly involved in this case (including experts, if any). Further, if there is a submission of Plaintiff's medical records to the Court in support of motion practice, such submission must be under seal. *Lomax v. Nevada*, No. 2:23-CV-01284-CDS-EJY, 2025 WL 1880900, at *1 (D. Nev. July 7, 2025) (finding that medical records are properly filed under seal) (internal citations omitted).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Protective Order Regarding Proposed Subpoena to Wally Joseph, NP; Alternatively, to Limit Subpoena and Deposition (ECF No. 63) is DENIED.

IT IS FURTHER ORDERED that Essential Clinic and Wally Joseph, N.P. are to respond to the Community Ambulance subpoena no later than fourteen days after the date of this Order.

IT IS FURTHER ORDERED that Community Ambulance mark all produced documents "CONFIDENTIAL" and provide a copy of the entirety of the response to all other parties within three Court days of receipt.

IT IS FURTHER ORDERED that the documents are to be used solely in connection with this case and for no other reason. The documents are not to be disclosed to anyone other than counsel, counsel's staff, and experts, if any, retained in this matter.

IT IS FURTHER ORDERED that submission of Plaintiff's medical records are to be made under seal.

DATED this 19th day of October, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE